UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AMERICAN AERONAUTICAL
CORPORATION, INC.,
a Virginia corporation,

    Plaintiff,

vs.                                                                                                  CASE NO:

AVIATION ENGINE SERVICE, INC.,
a Florida corporation and
GUILLERMO H. GALVAN,

    Defendants.
_____/

## COMPLAINT

Plaintiff AMERICAN AERONAUTICAL CORPORATION, INC., by and through undersigned counsel, sues Defendants AVIATION ENGINE SERVICE, INC., and GUILLERMO H. GALVAN and alleges states:

1.    Plaintiff AMERICAN AERONAUTICAL CORPORATION, INC. ("AAC") is a corporation organized and existing under the laws of the State of Virginia and maintains its principal place of business in Virginia.

2.    Defendant AVIATION ENGINE SERVICE, INC. ("AES") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Florida.

3.    Defendant GUILLERMO H. GALVAN ("Galvan") is an individual residing in Miami-Dade County, Florida and is a citizen of the State of Florida.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332 (a) because the case involves (1) a dispute between a citizen of the State of Florida and a citizen or subject of a foreign state, and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 (a) because it is the District in which the Defendants reside and in which a substantial part of the events or omissions giving rise to the claim occurred.

6. On January 21, 2011, AAC entered into an Aircraft Engine Purchase Agreement (the "Agreement") with AES for the sale of two (2) Pratt & Whitney (PW) Model JT8D-217A Turbofan Engines, bearing the Manufacturer's Serial Numbers 717361 & 717381 (the "Engines"). A copy of the Agreement is attached as Exhibit "A".

7. The total purchase price of the two engines was $690,000.00.

8. The Defendant Galvan was the President, sole director and sole shareholder of AES.

9. The Engines were thereafter delivered to AES.

10. AES made a payment of $140,000.00 to AAC, but has failed to pay a balance of $550,000.00 for the Engines as required by the Agreement.

11. Plaintiff AAC has held and has a claim against AES within the meaning of § 726.102(3), Fla. Stat. The current value of the claim is $550,000.00 together with interest, costs and reasonable attorneys' fees under paragraph 16(j) of the Agreement.

12. On or about February 1, 2011, AES entered into an Asset Purchase Agreement to sell substantially all of its assets to Turbine Engine Center, Inc. ("TEC").

13. The closing of the Asset Purchase Agreement occurred on or about May 12, 2011. The sale price, which upon information and belief was $2,000,000.00, was paid to the Law Offices of Griffin & Serrano, P.A., Trust Account.

14. On or about May 12, 2011, AES transferred substantially all of its assets to TEC. The proceeds from the Asset Purchase Agreement were then distributed to the Defendant Galvan ("Transfer").

## COUNT I
## BREACH OF AGREEMENT

15. AAC re-alleges paragraphs 1 through 14 above.

16. Defendant AES breached the Agreement by failing to pay the outstanding balance due and owing to AAC.

17. As a result of AES's breach, AAC is entitled to damages in the amount of $550,000.00 together with interest and reasonable attorneys' fees under paragraph 16(j) of the Agreement.

18. All conditions precedent, if any, to the maintenance of this action have occurred and/or have been waived.

WHEREFORE, AAC demands damages against AES in the amount of $550,000.00, prejudgment and post-judgment interest, attorneys' fees and costs pursuant to the Agreement and such further relief as is just, equitable, and proper.

## COUNT II
## FRAUDULENT CONVEYANCE
## PURSUANT TO § 726.106(1), FLA. STAT. AGAINST GALVAN

19. AAC re-alleges paragraphs 1 through 14 above.

20. Section 726.106(1), Fla. Stat. provides as follows:

3

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

21. AAC's claim arose before the Transfer was made.

22. The Transfer was made at a time when AES was insolvent or AES became insolvent as a result of the Transfer.

23. AES made the Transfer without receiving a reasonably equivalent value in exchange for same.

24. By reason of the foregoing AAC is entitled to the avoidance of the Transfer to the extent necessary to satisfy AAC's claim against AES together with interest and costs.

WHEREFORE, AAC demands damages against Galvan in the amount of $550,000.00, prejudgment and post-judgment interest, attorneys' fees and costs pursuant to the Agreement and such further relief as is just, equitable, and proper.

### COUNT III
### FRAUDULENT CONVEYANCE
### PURSUANT TO § 726.106(2), FLA. STAT. AGAINST GALVAN

25. AAC re-alleges paragraphs 1 through 14 above.

26. Section 726.106(2), Fla. Stat. provides as follows:

A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

27. AAC's claim arose prior to the time the Transfer was made.

28. The Transfer was made to an insider within the meaning of Section 726.102(7), Fla. Stat.

29. The Transfer as made at a time that AES was insolvent and Galvan, the President, sole director and sole shareholder had reasonable cause to believe that AES was insolvent.

30. To the extent that any portion of the Transfer was made for an antecedent debt the Transfer was fraudulent pursuant to Section 726.106(2), Fla. Stat.

31. By reason of the foregoing AAC is entitled to the avoidance of the Transfer to the extent necessary to satisfy AAC's claim together with interest and costs.

WHEREFORE, AAC demands damages against Galvan in the amount of $550,000.00, prejudgment and post-judgment interest, attorneys' fees and costs pursuant to the Agreement and such further relief as is just, equitable, and proper.

## COUNT IV
## FRAUDULENT CONVEYANCE
## PURSUANT TO § 726.105(1)(a), FLA. STAT. AGAINST GALVAN

32. AAC re-alleges paragraphs 1 through 14 above.

33. Section 726.105(1)(b), Fla. Stat. provides as follows:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . .

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

34. The Transfer was made with actual intent to hinder, delay or defraud AAC.

35. By reason of the foregoing AAC is entitled to the avoidance of the Transfer to the extent necessary to satisfy AAC's claim against AES together with interest and costs.

WHEREFORE, AAC demands damages against Galvan in the amount of $550,000.00, prejudgment and post-judgment interest, attorneys' fees and costs pursuant to the Agreement and such further relief as is just, equitable, and proper.

### COUNT V
### FRAUDULENT CONVEYANCE
### PURSUANT TO § 726.105(b), FLA. STAT. AGAINST GALVAN

36. AAC re-alleges paragraphs 1 through 14 above.

37. Section 726.105(1)(b), Fla. Stat. provides as follows:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . .

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

38. The Transfer was made at a time when AES was engaged in a business or transaction for which the remaining assets of AES were unreasonably small in relation to the business transaction and/or the Transfer was intended to incur or AES believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

39. By reason of the foregoing AAC is entitled to the avoidance of the Transfer to the extent necessary to satisfy AAC's claim against AES together with interest and costs.

WHEREFORE, AAC demands damages against Galvan in the amount of $550,000.00, prejudgment and post-judgment interest, attorneys' fees and costs pursuant to the Agreement and such further relief as is just, equitable, and proper.

Dated this 3rd day of April, 2012.

> RICHARDS & ASSOCIATES
> *Attorneys for American Aeronautical Corporation, Inc.*
> 232 Andalusia Avenue, Suite 202
> Coral Gables, Florida 33134
> Telephone:  (305) 448-2228
> Facsimile:   (305) 448-2229
> E-mail:  rrichards@richpa.net
> E-mail:  jgoldstein@richpa.net
>
>  s/ Richard L. Richards
>  RICHARD L. RICHARDS
>  Florida Bar No.: 9415
>  JASON GOLDSTEIN
>  Florida Bar No.: 91113