UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:12-21276-CIV-SEITZ/SIMONTON

AMERICAN AERONAUTICAL CORP., INC.,

    Plaintiff,

v.

AVIATION ENGINE SERVICE, INC., *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Complaint [DE-10], in which Defendants seek to dismiss the complaint because Plaintiff has impermissibly split its causes of action. Plaintiff's five count complaint alleges a claim for breach of contract against Defendant Aviation Engine Service, Inc. (AES) and four claims under Florida's fraudulent conveyance statutes against Defendant Guillermo Galvan (Galvan). Because Defendants have not shown that Plaintiff has impermissibly split its causes of action, the motion is denied.

## I. The Complaints

### A. *The Instant Action*

Plaintiff's complaint alleges that, on January 21, 2011, it entered into a contract to sell AES two aircraft engines for a total purchase price of $690,000.00. After the engines were delivered to AES, AES made payment of $140,000.00 to Plaintiff. AES has failed to pay the purchase price balance of $550,000.00.

On February 1, 2011, AES entered into an asset purchase agreement to sell substantially all of its assets to Turbine Engie Center, Inc. (TEC). The asset sale closed on May 12, 2011

when $2,000,000.00 was paid to AES's attorneys and the assets were transferred to TEC. Thereafter, all of the proceeds from the asset sale were distributed to Galvan, AES's president, sole director, and sole shareholder.

Count I of Plaintiff's complaint alleges that AES breached its contract with Plaintiff by failing to pay the balance of the purchase price. Count II alleges a violation of Florida Statute § 726.106(1) based on the transfer of the asset sale proceeds to Galvan. Count III alleges a violation of Florida Statute § 726.106(2) based on the transfer of the asset sale proceeds to Galvan. Count IV alleges a violation of Florida Statute § 726.105(1)(a) based on the transfer of the asset sale proceeds to Galvan and Count V alleges a violation of Florida Statute § 726.105(b) based on the transfer of the asset sale proceeds to Galvan.

B. *The State Court Action*[1]

Plaintiff's amended state court complaint (State Court Complaint) names AES, TEC and Heflin Business, Inc. (Heflin) as defendants. The State Court Complaint alleges that, on January 21, 2011, Plaintiff and AES entered into a contract to sell AES two aircraft engines for a total purchase price of $690,000.00. Count I of the State Court Complaint alleges a breach of contract by AES for failing to pay for the engines. Count II alleges a claim for replevin against AES and/or TEC, whichever is detaining the engines. Count III alleges a claim for foreclosure of Plaintiff's security interest in the engines against all of the defendants. Plaintiff has dismissed AES from the state court action. Thus, only the replevin and foreclosure claims remain against TEC and Heflin.

---

[1] While Defendants assert that there are three pending state court complaints, the parties have only filed Plaintiff's state court amended complaint and the Intervenor's complaint filed in the same state court action.

Heflin has filed an Intervenor's Amended Complaint (Intervenor's Complaint) in the state court action, naming Plaintiff, AES and TEC as defendants. The Intervenor's Complaint alleges that, on December 8, 2010, Heflin entered into a contract with AES to purchase two jet engines for $1,200,000.00. The engines were to be delivered to Heflin after payment of $500,000.00. The contract was later modified to make clear that the purchase price included repairs to the engines that were to be made by AES. Heflin has made payments to AES totaling $700,000.00. AES has not delivered the engines to Heflin. As result, Count I of the Intervenor's Complaint seeks a declaratory judgment that Heflin's rights in the engines are superior to the other Defendants' rights, Count II alleges a breach of contract claim against AES and TEC, and Count III seeks replevin of the engines against AES and TEC.

## II. Discussion

Defendants assert that, as a general rule, a party may not split its causes of action and that is exactly what Plaintiff has done. Defendants, quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003), argue that the principal test for determining whether the same cause of action is involved is "whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." However, *Davila*, as well as other cases relied upon by Defendants were decided in the context of determining whether *res judicata* applied or whether certain state claims were preempted by federal statute. That is not the situation here. The state court action is still pending and, as far as this Court is aware, no final judgments have been entered in the state court suit.

Further, a review of the State Court Complaint, the Intervenor's Complaint, and the complaint in this action indicates that the claims at issue in the various complaints are different.

3

Plaintiff's state court complaint seeks recovery from entirely different parties and requires a determination as to which of the parties have superior rights in the engines themselves. The Intervenor's Complaint will require a similar determination of the rights of the parties in the engines. The complaint in this case, on the other hand, will require a determination as to whether AES breached its contract with Plaintiff and whether certain monetary transfers were made in violation of Florida Statute. The instant action will not require a determination of which party has superior rights in the engines. Thus, it does not appear that the state court and this Court will be required to make the same factual determinations or legal determinations. Consequently, Defendants have not shown that Plaintiff has impermissibly split its causes of action.

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss Complaint [DE-10] is DENIED.

DONE and ORDERED in Miami, Florida, this 28th day of August, 2012.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record