UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:12-21276-CIV-SEITZ/SIMONTON

AMERICAN AERONAUTICAL CORP., INC.,

      Plaintiff,

v.

AVIATION ENGINE SERVICE, INC., *et al.*,

      Defendants.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment Against Defendant Aviation Engine Service, Inc. [DE-48], to which Aviation Engine Service, Inc. (AES) has not filed a response. Plaintiff's five count complaint alleges a claim for breach of contract against AES and four claims under Florida's fraudulent conveyance statutes against Defendant Guillermo Galvan (Galvan). Thus, Plaintiff seeks summary judgment on the breach of contract claim. Because no genuine issue of material fact exists, Plaintiff's motion is granted.

## I. Undisputed Material Facts

On January 21, 2011, Plaintiff and AES entered into an Aircraft Engine Sale Agreement (Agreement) wherein Plaintiff agreed to sell AES two aircraft engines for a total purchase price of $690,000.00. (DE-47-1.) Pursuant to the terms of the Agreement, AES was to make an initial payment of $140,000.00 upon execution of the Agreement and the remaining balance was to be paid in monthly installments from March 28, 2011 through December 31, 2011. (*Id.* at 1.) AES made the initial payment of $140,000.00 to Plaintiff. (Galvan Dep.[1] 211:20-22.) AES made no

---

[1] Galvan Dep. refers to the deposition of Guillermo Galvan, the sole principal of AES, filed at DE-47-2 and De-47-3.

further payments under the Agreement. (*Id.*) Thus, the purchase price balance of $550,000.00 remains unpaid. Count I of Plaintiff's complaint alleges that AES breached its contract with Plaintiff by failing to pay the balance of the purchase price. Under the terms of the Agreement, the "prevailing party to any litigation to enforce the terms of this Agreement shall be entitled to recover its reasonable and actual attorney's fees from the losing party." (*Id.* at 8.)

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of

evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

Plaintiff moves for summary judgment on the breach of contract claim against AES because there are no genuine issues of material fact. In order to establish a breach of contract claim, Plaintiff must show: (1) a valid contract; (2) a material breach; and (3) damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Plaintiff has established each of these elements. Plaintiff has submitted the executed Agreement, the testimony of AES's principal establishing that AES did not make the required payments under the Agreement, and has shown that it was damaged as a result of AES's breach. Furthermore, because AES has failed to respond to the motion for summary judgment and has not filed a statement controverting Plaintiff's facts, the Plaintiff's facts are deemed admitted because they are supported by the record evidence. *See* Local Rule 56.1(b). Thus, Plaintiff is entitled to summary judgment as to Count I, breach of the Agreement by AES, and is entitled to recover $550,000.00 in damages plus reasonable attorney's fees.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Aviation Engine Service, Inc. [DE-48] is GRANTED as to Count I. The Court will enter a separate judgment.

DONE and ORDERED in Miami, Florida, this 10 day of April, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

3